

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00230-CR

**JOSHUA JARROD FIGURES,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court
Brazos County, Texas
Trial Court No. 17-02398-CRF-361**

## MEMORANDUM OPINION

The jury convicted Joshua Figures of the offense of indecency with a child by contact. The trial court found the enhancement paragraphs to be true and assessed punishment at 38 years confinement. We affirm.

SUFFICIENCY OF THE EVIDENCE

In the sole issue on appeal, Figures argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the

offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

Figures lived with Veronica and her children, C.T., Z.T., and A.M. Figures and Veronica also had a child together, K.F. who lived in the home. On February 18, 2017 between 4:00 a.m. and 5:00 a.m., Z.T. called her aunt, Amber, and asked her to come over. Amber testified that Z.T. sounded scared and was whispering. Amber went to Veronica's house, and Z.T. was waiting at the door. Amber testified that Z.T. told her that Figures was "playing with himself" and wanted Z.T. to watch him. Z.T. also told Amber that Figures put "it" on her face.

Amber took Z.T., C.T., and A.M. back to her house, but she and Z.T. returned to Veronica's house later that morning. When they returned, Veronica was upset and crying and called the police. Officer Jerrett Williams, with the Bryan Police Department, testified that he responded to the call. Officer Williams stated that Figures seemed confused and appeared to be experiencing alcohol withdrawal. Officer Williams did not interview Z.T. because children are interviewed at a child advocacy center.

Z.T. was ten years-old at the time of the offense, and she was twelve years-old at the time of trial. Z.T. testified that the night before the offense, she went to bed around 10:00 or 11:00. Z.T. shared a bed with her sister, and she was sleeping closest to the door of the bedroom while her sister was closest to the wall. Z.T. said she woke up with Figures "private" on her face, and she could feel "stuff" on her cheek that was wet. Z.T.

testified that Figures hit her face with his private multiple times. According to Z.T., Figures then went back to the living room., and she could see him sitting on the couch. Z.T. testified that Figures pants were around his knees and he was "playing with himself." Z.T. said that Figures told her to look, and she could see Figures touching his private part and moving his hand. Z.T. stated that Figures told her "I could come grab that p ---y right now." Z.T. used her mom's phone to call her aunt.

The State introduced letters into evidence that Figures wrote to Veronica, and those letters were read before the jury. In the letters, Figures asks Veronica to consider three options to help him: 1) not show up to court, 2) show up to court and tell them the same story, or 3) testify in court that the allegations are a lie and that Figures did not do anything. Figures also urges Veronica to call his attorney and tell him this was all a mistake and that she is willing to do whatever is necessary to get Figures out of jail. In one of the letters, Figures tells Veronica to ask Z.T. to testify that she made a false allegation because she was mad at Figures. Figures further says in the letter to tell Z.T. that K.F. needs his dad and to do it for her little brother.

The Texas Penal Code provides that a person commits the offense of indecency with a child by contact if, with a child younger than 17 years of age, the person engages in sexual contact with the child or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11 (a) (1). Sexual contact is defined as "any touching of any part of the

body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person." TEX. PENAL CODE ANN. § 21.11 (c) (2).

The indictment as amended alleged that Figures "did then and there with intent to arouse or gratify the sexual desire of [Figures] engage in sexual contact with Z.T., hereafter styled the complainant, by touching the face of the complainant, a child younger than 17 years of age with the genitals of [Figures]". Figures specifically argues that the evidence is insufficient to support his conviction for indecency with a child by contact because "there was less than a scintilla of evidence that Appellant's acts were with intent to arouse or gratify his sexual desires and that the judgment should be reformed to the offense for which legally sufficient evidence does exist: Indecency by Exposure."

The intent to arouse or gratify the defendant's sexual desire may be inferred from a defendant's conduct and all surrounding circumstances. *Cervantes v. State*, 594 S.W.3d 667, 673 (Tex. App. — Waco 2019, no pet.) An oral expression of intent is not required, and a defendant's conduct alone is sufficient to infer intent. *Cervantes v. State*, 594 S.W.3d at 673; *Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref'd). Z.T. testified that Figures touched her face with his genitals multiple times and that there was "stuff" on her cheek that was wet. Z.T. further testified that Figures was touching his genitals in her presence and told her to watch him. The jury could infer from all the surrounding circumstances that Figures touched Z.T.'s face with his genitals with the

intent to arouse or gratify his sexual desire.  *See Cervantes v. State*, 594 S.W.3d at 673.  We overrule the sole issue on appeal.

**CONCLUSION**

We affirm the trial court's judgment.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Neill, and
      Justice Johnson
Affirmed
Opinion delivered and filed March 31, 2021
Do not publish
[CRPM]

